**Laura L. GRAYUM, Plaintiff–Appellant,**

v.

**Michael GREENE, individually and as Chief of Mason County Fire District No. 2; Mason County, Fire District No. 2, Defendants–Appellees.**

No. 04–36091.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Oct. 16, 2006.

man, PLLC, Seattle, WA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, TALLMAN and BEA, Circuit Judges.

## MEMORANDUM *

Laura L. Grayum, a paramedic-firefighter, appeals the district court's grant of summary judgment in favor of defendants, Fire Chief Michael Greene and the Mason County Fire District No. 2 in her action alleging violation of her First Amendment rights and retaliation for the exercise of Title VII rights. She also asserts a due process claim and various state law claims of defamation, outrage and wrongful discharge in violation of public policy.

■ The district court properly granted summary judgment on her First Amendment claims. They are now clearly precluded by the Supreme Court's recent decision in *Garcetti v. Ceballos*, — U.S. —, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Grayum made all of the statements at issue in her capacity as an employee in the fire department.

■ Grayum pleaded gender based discrimination claims in her complaint. Grayum, however, does not pursue her gender based discrimination claims on appeal. Rather Grayum only pursues a claim of retaliation in violation of Title VII that she first raised in her response to the defendants' motion for summary judgment. This was after the close of discovery. Our law disallows the assertion of new claims

Randy W. Loun, Esq., Loun & Tyner, Bremerton, WA, for Plaintiff–Appellant.

Peter Stephen DiJulio, Esq., Sarah K. Johnson, Esq., Foster Pepper & Shefel-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

after the close of discovery where such claims would place the defendant under different burdens and call for different defenses. *Coleman v. Quaker Oats,* 232 F.3d 1271, 1291–94 (9th Cir.2000). This is such a case.

The plaintiff raised no triable issues of fact with respect to her due process claim or state law claims.

AFFIRMED.

